IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JERRY STAUFFER,

                Plaintiff,                OPINION AND ORDER

v.

                                      17-cv-905-wmc

IAN CONNORS, ET AL.

                Defendant.

On December 2, 2019, plaintiff Jerry Stauffer filed a letter with this court, requesting that the Bureau of Prisons ("BOP") be ordered to not transfer him to a different prison during the pendency of this lawsuit. (Dkt. #23.) Construing his letter as a motion for a preliminary injunction, the court will deny plaintiff's motion.

OPINION

In his letter, plaintiff alleges that the BOP sometimes transfers problematic inmates to other prisons and requests that the court preemptively order the BOP to not transfer him, arguing that this lawsuit "might become moot" if he is moved to another prison. (Dkt. #23.) At this point, however, plaintiff has not demonstrated that he is entitled to the relief that he requests.

First, plaintiff has not followed this court's procedures for filing motions for injunctive relief, a copy of which will be sent to plaintiff along with this order. Second, even if plaintiff had followed those procedures, the court would deny his request on the merits since plaintiff has not shown clear need for injunctive relief. *See Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015) (a preliminary injunction "is an extraordinary

equitable remedy that is available only when the movant shows clear need"). Generally, in deciding whether to grant a preliminary injunction, courts consider whether (1) the plaintiff will likely suffer imminent and irreparable harm, (2) traditional legal remedies are inadequate, and (3) the plaintiff's claim has a likelihood of success. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015). As to the harm element in particular, plaintiff alleges only that in "some" cases the BOP transfers inmates who are considered a "pain in the neck," but such a speculative injury is insufficient grounds for the court to grant an injunction. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (plaintiff "seeking preliminary relief" must "demonstrate that irreparable injury is *likely* in the absence of an injunction"). Moreover, it is not clear that the transfer would actually moot plaintiff's case. Plaintiff himself argues only that the transfer "might" moot his lawsuit, and while in some situations a prisoner's transfer might do so, in other cases a prisoner's lawsuit may continue even after a transfer. *Compare Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (dismissing plaintiff's claims as moot after he was transferred to another prison); *with Vitek v. Jones*, 445 U.S. 480, 487 (1980) (prisoner's case not mooted by his transfer, as he might be retransferred); *West v. Grams*, 607 F. App'x 561, 566 (7th Cir. 2015) (prisoner's transfer did not moot his Religious Land Use and Institutionalized Persons Act claim where prisoner challenged system-wide policy). In sum, because plaintiff has not demonstrated that he is entitled to a preliminary injunction ordering the BOP to not transfer him, the court will deny his request without prejudice.

ORDER

IT IS ORDERED that:

1) Plaintiff's request that the court order the BOP to not transfer him during the pendency of this lawsuit is DENIED without prejudice.

2) The clerk of court is direct to send a copy of this court's procedures for obtaining preliminary injunctive relief to plaintiff along with this order.

Entered this 3rd day of December, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge